UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUSTIN CLOUTIER,

     Plaintiff,

v.                                                  Case No. 3:23-cv-744-MMH-PDB

SERGEANT PESATA, et al.,

     Defendants.

_____

## **ORDER**

### **I. Status**

Plaintiff Justin Cloutier, a former detainee[1] at Flagler County Inmate Facility, initiated this action by filing a Civil Rights Complaint (Doc. 1).[2] He proceeds on an Amended Complaint (Doc. 5). In the Amended Complaint, Cloutier asserts claims pursuant to 42 U.S.C. § 1983 against seven Defendants: Sergeant Pesata and Officers Masood, Sullivan, S. Stokes, J. Bocian, D. Carmona, and Z. Mcminn.[3] See Amended Complaint at 2-3; Doc. 20. Cloutier

---

[1] At the time he filed this lawsuit on June 26, 2023, Cloutier was detained at Flagler County Inmate Facility. Cloutier subsequently advised the Court that he was released from custody on September 10, 2023. See Doc. 14.

[2] For all documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[3] On July 22, 2024, the Court dismissed Cloutier's claims against Defendants Bocian, Carmona, Mcminn and Stokes without prejudice for failure to prosecute. See Order (Doc. 46); Judgment (Doc. 47).

asserts Defendants violated "Florida State Statute Article 1 § 17 & 2, [his] PREA rights, 8th Amendment rights, and [his right to] religous [sic] freedom" when they "[b]rutalized . . . and sexually assaulted" him while he was detained in a self-harm unit, and further when they subsequently denied him medical treatment. See Amended Complaint at 3-4. As relief, Cloutier seeks monetary damages. Id. at 5.

This matter is before the Court on Defendants Pesata, Masood, and Sullivan's Motion to Dismiss (Doc. 22; Motion). Cloutier filed a response in opposition to the Motion. See "Justin Cloutier's Response in Opposition to Defendant's Motion to Dismiss" (Doc. 39; Response). The Motion is ripe for review.

## II. Cloutier's Allegations[4]

In the Amended Complaint, Cloutier identifies Defendants Pesata, Masood, and Sullivan as corrections officers employed by the Jacksonville Sheriff's Office (JSO) during the relevant time period.[5] See Amended

---

[4] In considering the Motion, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to Cloutier, and accept all reasonable inferences that can be drawn from such allegations. Holland v. Carnival Corp., 50 F.4th 1088, 1093 (11th Cir. 2022). As such, the facts recited here are drawn from the Amended Complaint, and may well differ from those that ultimately can be proved.

[5] Cloutier sues Defendants Pesata, Masood, and Sullivan in their individual and official capacities. See Amended Complaint at 2-3.

Complaint at 2-3. As to the specific facts underlying his claims, Cloutier alleges:

> On October[] 9th, 2023[6] between 8 am and 4 pm I . . . arrived at Jacksonville County Jail. [A]fter being booked I was brought to the second floor for processing. I began to pace the [h]allway and was told to sit by a corrections officer. I told the officer my medication was causing me to become restless. [T]he officer then told me to cuff up and go [t]o a Self-Harm pod; I complied. I was then brought to 6w2b by the officer.
>
> [A]fter arriving to 6w2b I witnessed a naked [A]frican [A]merican man being restrained by the doorway with a restraint chair[.] He had no clothes or cover. I was brought to the second level and was placed in a cell with another inmate. While several unknown named corrections officers were in the cell they told me to take my uniform off. I believed this was against policy and refused since I [h]ad witnessed several other [i]nmates with uniforms on. The unknown officers than [sic] brought me out of the cell [and] told me to lay down and [p]ut my [h]ands behind my back. [A]s I was compl[y]ing an officer began to knee me and punch me [i]n the face while I was on the ground being cuffed. I was given a black eye and brought to the first level. I was placed in a restraint chair and placed next to the naked [A]frican [A]merican man who still remained uncovered. We remained there for several hours. The naked [A]frican [A]merican man requested assistance and was denied.
>
> After several [h]ours had passed I was brought to another cell to be released by the officers from the

---

[6] This date appears to be an error as Cloutier filed this lawsuit in June 2023 and was released from custody in September 2023. The Court notes that Cloutier states elsewhere in the Amended Complaint that the incident at issue occurred in October 2022. See Amended Complaint at 4-5.

restraint chair. Sergeant Pesata, Officer Masood, Officer Sullivan, and an unknown officer were present while I was being released from a restraint chair. I was released and brought into a cell by the officers named. [T]he officers told me to remove my uniform again once inside the cell. I complied and removed my uniform standing with my back to the door at the back of my cell. [A]fter I removed my uniform I was pushed down by one of the officers and was punched repeatedly in the face until I was knocked out. Once waking up I was then punched by another officer repeatedly until I kicked his leg to attempt to stop the beating. [T]he 3rd officer then picked me up and slammed my [h]ead on a bed frame causing me to begin to bleed from my [h]ead. I was then brought out of the cell complet[e]ly naked, bleeding from my [h]ead, with my face deformed and placed back into the restraint chair this time with no uniform on. I requested a covering and was denied. I requested emergency medical care and was denied. I remained in the chair for several hours until being brought to another cell. I requested a shower and was denied. [T]hat night I slept covered in blood. Se[r]geant [P]esata witnessed the beating, and [r]efused my requests for covering, and for medical care.

Doc. 5-1 at 1-2. Cloutier also alleges that "several officers and a superior . . . sexually assaulted [him] while [he] was naked" in self-harm unit 6w2b. See Amended Complaint at 4. Cloutier asserts that he sustained physical and mental injuries in the incident. Id. at 5.

### III. Summary of the Arguments

In the Motion, Defendants Pesata, Masood, and Sullivan argue that the Court should dismiss the Amended Complaint because (1) it is a shotgun pleading, (2) Cloutier fails to state a claim for violation of religious freedom, (3)

Defendants are entitled to qualified immunity as to the individual capacity claims against them, and (4) Cloutier fails to state a claim for relief against Defendants in their official capacities. <u>See</u> Motion at 4-12. In response, Cloutier does not address the specific arguments raised in the Motion; however, Cloutier provides an alleged video recording of the underlying incident. <u>See</u> Response at 1.

## IV. Analysis

Defendants initially argue that the Court should dismiss the Amended Complaint because it is an impermissible shotgun pleading. <u>See</u> Motion at 4-7. Defendants specifically contend that Cloutier improperly asserts "multiple causes of action against multiple defendants in multiple capacities without distinct counts." <u>Id.</u> at 5. As a result, Defendants maintain the Amended Complaint fails to provide them with adequate notice of the claims against each Defendant and the grounds upon which each claim rests. <u>Id.</u> at 6.

At the outset, the Court notes that <u>pro se</u> complaints are held to a less stringent standard than those drafted by an attorney. <u>See</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986). Nevertheless, a <u>pro se</u> litigant is still required to "'conform to procedural rules.'" <u>Riley v. Fairbanks Capital Corp.</u>, 222 F. App'x 897, 898 (11th Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296,

1304 (11th Cir. 2002)).[7] The Federal Rules of Civil Procedure (Rule(s)) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

Additionally, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleadings. See generally Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321). As the Barmapov court explained,

---

[7] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov, 986 F.3d at 1324-25 (quoting Weiland, 792 F.3d at 1321-23). Notably, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323 (footnote omitted). Thus, a shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)). For these reasons, the Eleventh Circuit has unequivocally instructed that shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much

to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." <u>Weiland</u>, 792 F.3d at 1321 n.9 (collecting cases). This is so because "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263.

Here, upon review of the Amended Complaint, the Court agrees with Defendants that the Amended Complaint constitutes an impermissible shotgun pleading. For the reasons outlined below, the Court finds that the Amended Complaint falls within the second, third, and fourth categories of impermissible shotgun pleadings, and, ultimately, fails to give Defendants adequate notice as to the claims being brought against each of them.

First, in the Amended Complaint, Cloutier provides conclusory and vague assertions of civil rights violations without identifying which alleged facts are applicable to a particular cause of action. For example, Cloutier asserts a violation of his right to religious freedom, but fails to identify which, if any, factual allegations support this claim. Similarly, Cloutier asserts a sexual assault claim, but does not specify which, if any, of his allegations are applicable to this cause of action. And although Cloutier generally asserts he

was denied medical treatment, he fails to set forth specific allegations supporting that claim, especially since he alleges elsewhere in the Amended Complaint that he received medical treatment—including an MRI, a CAT scan, stitches, and mental health treatment—following the incident. <u>See</u> Amended Complaint at 5. In the Amended Complaint, Cloutier also includes immaterial facts that are not obviously connected to any particular cause of action. For example, Cloutier raises several allegations concerning an African American inmate in the same self-harm unit, but he does not explain how these allegations are connected to any of his claims.

Second, Cloutier's failure to identify which factual allegations relate to a particular cause of action is compounded by his failure to separate into different counts each cause of action he seeks to assert. As such, Cloutier has left the Court with the onerous task of sifting through the Amended Complaint to determine which factual allegations relate to each cause of action he is attempting to bring.

Third, and most critical, Cloutier asserts multiple claims against Defendants Pesata, Masood, and Sullivan without specifying which of these Defendants he is seeking to hold liable for which actions or omissions. Indeed, nearly all of Cloutier's factual allegations are attributed to an "officer" or "officers" without specifying by name the Defendant that he asserts committed

each alleged act.[8] The Court previously identified this deficiency in Cloutier's initial Complaint and ordered Cloutier to amend, <u>see</u> Order (Doc. 4); however, Cloutier has failed to correct this deficiency in the Amended Complaint.

As presented, the Court is unable to determine whether Cloutier states a plausible claim against Defendants Pesata, Masood, and Sullivan, much less which of the various claims he identifies related to which Defendant. And it would be nearly impossible for these Defendants to file a cogent responsive pleading. As such, Cloutier's Amended Complaint will be dismissed without prejudice with leave to amend.[9] If Cloutier chooses to submit a second amended complaint, he may proceed only on one claim or related claims that properly may be joined under Rule 20 and that are plausible and cognizable under § 1983. Cloutier may not join multiple, unrelated claims, nor should he include extraneous or unrelated facts.

In filing his second amended complaint, Cloutier must comply with federal pleading standards and the instructions in this Order and must present

---

[8] As Cloutier appears to have a video recording of the use-of-force incident, he may be able to identify the officers involved by name. But the Court cannot review the video recording and undertake that task for Cloutier. Not only that, at the motion to dismiss stage, the Court is limited to analyzing the allegations in the Amended Complaint to determine if Cloutier has properly stated a claim. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

[9] Because the Court finds that dismissal on shotgun grounds is appropriate, the Court declines to consider Defendants' other arguments in support of dismissal. Indeed, without a proper pleading, the Court cannot assess whether Cloutier has stated a claim against Defendants Pesata, Masood, or Sullivan. Nor can the Court assess whether these Defendants are entitled to the benefit of qualified immunity.

his claims on the Court's Civil Rights Complaint Form. Specifically, in section II of the Civil Rights Complaint Form, labeled "Basis for Jurisdiction," Cloutier must identify which federal constitutional or statutory right he claims <u>each</u> Defendant violated, and in the section labeled, "Statement of Claim" (section IV), he must plainly and clearly describe how <u>each</u> Defendant was involved in each alleged federal constitutional or statutory violation. In section V, labeled "Injuries," Cloutier should clearly state how <u>each</u> Defendant's action or omission injured him.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1.     Defendants Pesata, Masood, and Sullivan's Motion to Dismiss (Doc. 22) is **GRANTED** to the extent Defendants assert the Amended Complaint is an impermissible shotgun pleading. In all other respects, the Motion is denied without prejudice.

2.     Cloutier's Amended Complaint (Doc. 5) is hereby **DISMISSED without prejudice** to his right to refile a second amended complaint.

3.     If Cloutier wishes to file a second amended complaint, he must do so on or before **October 11, 2024**. This case number should be affixed to the Civil Rights Complaint Form, and the words "Second Amended Complaint" should be written at the top of the form. Cloutier's failure to timely file a second

amended complaint or to correct the deficiencies noted here may result in the dismissal of this action without further notice.

4.     The **Clerk** shall send Cloutier a blank Civil Rights Complaint Form.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of September, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-10 9/4
c:     Justin Charles Cloutier
       Counsel of record